J-A10005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
          Appellant             :
                                 :
                                 :
                                 :
          v.                    :
                                 :
                                 :
                                 :
ROBERTO MOREL                    :     No. 1641 EDA 2023

Appeal from the Order Entered May 19, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003126-2022

BEFORE:   PANELLA, P.J.E., BECK, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JUNE 10, 2024**

The Commonwealth of Pennsylvania appeals from the Philadelphia County Court of Common Pleas' order granting Roberto Morel's motion to suppress evidence obtained pursuant to a search of his vehicle. After careful review, we affirm on the basis of the trial court opinion.

In its opinion, the trial court summarized the relevant facts leading to the court's decision to grant the suppression motion as follows:

> On February 22, 2022, at approximately 11:45 A.M., officers were alerted via radio call that a victim of a shooting was being treated at St. Christopher's Hospital. The responding officers spoke with the victim Roberto Morel, wherein they discovered he had suffered multiple gunshot wounds. Additionally, the officers learned that [] Morel had driven himself to the hospital. Upon investigation of [Morel's] vehicle, the officers noticed several bullet holes had penetrated the windshield and driver's window of [] Morel's vehicle.

---

[*] Retired Senior Judge assigned to the Superior Court.

The vehicle was towed to a police lot. Subsequently, on the same day, officers applied for a search warrant of the vehicle. The application was reviewed and approved by a magistrate judge who granted the police a warrant to "search for any ballistic evidence or ***any other items of evidentiary value*** [emphasis added.]" During the search of [] Morel's vehicle, officers recovered from inside the glove compartment a Taurus 9mm semi-automatic handgun with an "unreadable" model number but with serial number intact.

Trial Court Opinion, 7/25/23, at 1-2 (record citations omitted) (emphasis in original). The Commonwealth charged Morel with several violations of the Uniform Firearms Act[1] based on the handgun found in Morel's glove compartment. Morel filed a pretrial motion seeking to suppress physical evidence, i.e. the firearm recovered from the search.

On May 19, 2023, the trial court held a suppression hearing. Morel presented the search warrant and the property receipt for the firearm into evidence. No witnesses testified. Following the hearing, the trial court granted the motion to suppress. This timely appeal followed.

On appeal, the Commonwealth argues the suppression court erred "by suppressing a firearm, found by police in the glove box of [Morel]'s car during the course of a warrant search, where the warrant was supported by probable cause and was sufficiently specific." Appellant's Brief, at 4.

When this Court reviews a Commonwealth appeal from an order granting suppression, as we are tasked to do here, we may only consider the

---

[1] 18 Pa.C.S.A. §§ 6101-6127.

evidence produced at the suppression hearing and then, only that evidence which comes from the defendant's witnesses, along with the Commonwealth's evidence which remains uncontradicted. ***See Commonwealth v. Barr***, 266 A.3d 25, 29 (Pa. 2021). We must determine, in the first instance, whether the suppression court's factual findings are supported by the record and if they are, we are bound to those findings. ***See id.*** We must always keep in mind that the suppression court, as fact-finder, has the exclusive ability to pass on the credibility of witnesses. ***See Commonwealth v. Fudge***, 213 A.3d 321, 326 (Pa. Super. 2019). Therefore, "we will not disturb a suppression court's credibility determinations absent a clear and manifest error." ***Id.*** at 326 (citation omitted). This is not relevant here, as no witnesses were presented at the suppression hearing.

Unlike the deference we give to the suppression court's factual and credibility findings, we have *de novo* review over the suppression court's legal conclusions. ***See Commonwealth v. Brown***, 996 A.2d 473, 476 (Pa. 2010). Accordingly, we must determine whether the legal conclusions the suppression court drew from its factual findings are correct. ***See Barr***, 266 A.3d at 39.

The trial court explained that it granted Morel's motion to suppress because it found the search warrant was unconstitutional due to the overly broad language and failure to specify with particularity the evidence subject to search. ***See*** Trial Court Opinion, 7/25/23, at 3. Further, the court put its reasons for suppression on the record as follows:

You're telling me, don't look at this as a broad general search warrant, which the law is pretty clear, they're supposed to specify what they're looking for. If you look at that language, any ballistic evidence and any other items of evidentiary value, that's pretty general.

You're saying, Judge, look what they're looking for. That's not a broad phrase. It's a shooting where a man was shot. What you're looking for then is evidentiary value of a fact he was shot, not that he was shooting, that he was shot. That's all you gave me here in this affidavit. I don't have articulable facts that he was shooting back. I don't see anything telling me he had residue on his hand indicating he had a firearm, he was wearing a bullet proof vest. Why are you making me to jump something that the four corners of the search warrant? Don't tell me that it would be reasonable for them to look in the glove box. If there's no bullet holes going into the glove box, why would they look in there.

And, shame on a magistrate if they thought this was fine to use items of evidentiary value. Search warrants are going to start doing that? Not in Pennsylvania. You know not in Pennsylvania. Even in cars, we still have a right of privacy that the Supreme Court of Pennsylvania is protecting. They don't want boldfaced search warrants coming in using the phrase "other items of evidentiary value."

I hate this, because I'm stuck now having to rule in favor, where I agree with you, this is most likely gang related, but my hands are tied. [The] law is clear. That's not a search warrant that meets the four [corners] analysis.

I do find, first and foremost, that the phrase, even though you tried to make a valid argument, "any other items of evidentiary value" is extremely vague and overreaching. It is not specific enough for them, at that point, to do a valid search into the glove box. The magistrate had come out and said, which I don't think he could because you don't have probable cause, listed a gun in there. He couldn't, because he saw in the probable cause, there was no evidence that there would be a firearm in there.

Second, even if I'm wrong on higher analysis on that, and they say, no, it's not, I do also find that, in fact, they did not have reason to believe that there was evidence, based on this probable cause, would have been located in that glove box based on the

four corners of this search warrant. Therefore, they did go beyond the scope of where they should have been looking, because there was no evidence to indicate bullets would be found inside that glove box, and they're not in plain view then. They didn't see a gun in plain view. That had to open up a container, and they went beyond what a search warrant allowed them to do. Based on that, I'm granting the motion to suppress, and I gave my conclusions of law and findings of fact on the record.

N.T., 5/19/23, at 21-24.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court we conclude the Commonwealth is due no relief. Following our review of the totality of the circumstances, we can find no error in the trial court's analysis and conclusion that the warrant was overly broad and lacked particularity. Relevantly, the trial court explained its decision as follows:

> In the instant matter, the search warrant authorizes the officers to search for "any ballistic evidence or ***any other items of evidentiary value***["] [emphasis added]. In other words, the warrant authorizes the officers to search for any and all items located within [] Morel's vehicle. There is absolutely no limitation to the officer's search. Because the search warrant permits the officers to rummage through any and all items contained within [] Morel's vehicles, this [c]ourt properly found the warrant to be unconstitutional. Although the Commonwealth argued that the search warrant could be found constitutional if the phrase granting unfettered authority to search [] Morel's vehicle was stricken, no evidence was presented at the motion hearing for this [c]ourt to conclude that the officers did in fact search only for "any ballistic evidence" inside [] Morel's vehicle. Therefore, even if this [c]ourt had authority to strike a portion of the search warrant's language, there is no evidence to support a finding that the officers did not search for "any other items of evidentiary value" when they opened the glove compartment and retrieved the Taurus semi-automatic handgun. To the contrary, the facts averred in the affidavit of probable cause support a finding that the officers were searching for any other items of evidentiary value. According to

- 5 -

the affidavit, [] Morel's vehicle had numerous bullet holes fired from the exterior inward. The rounds penetrated the windshield, the seats and [] Morel. There is no mention of any bits of ammunition scraping or puncturing the glove compartment. Thus, there is no factual basis to conclude that the glove compartment contained any ballistic evidence, and the officers were clearly conducting an unconstitutional general search of [] Morel's vehicle.

Trial Court Opinion, 7/25/23, at 7-8 (emphasis in original). The trial court opinion properly addresses the suppression claim, and we adopt it as our own.

*See id*. at 3-8.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/10/2024

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

Commonwealth of Pennsylvania    :      CP-51-CR-0003126-2022

                :

                :

       v.             :

                :

Roberto Morel            :

**FILED**

JUL 2 5 2023

Appeals/Post Trial
Office of Judicial Records

**OPINION**

Cianfrani, J.

On May 19, 2023, pursuant to Roberto Morel's Motion to Suppress, a hearing was conducted in front of this Court to litigate the constitutionality of the search warrant relied upon by the police when they searched Mr. Morel's vehicle. After oral argument, this Court found that the search warrant was constitutionally invalid and granted the suppression of all evidence. On June 14, 2023, Appellant filed notice of an interlocutory appeal challenging this Court's ruling and subsequently filed a response to the 1925(b) Order setting forth its specific grounds on appeal. Appellant's challenge is without merit, and accordingly, no relief is due.

**Statement of Facts**

On February 22, 2022, at approximately 11:45A.M., officers were alerted via radio call that a victim of a shooting was being treated at St. Christopher's

Hospital. The responding officers spoke with the victim Roberto Morel, wherein they discovered he had suffered multiple gunshot wounds. Additionally, the officers learned that Mr. Morel had driven himself to the hospital. Upon investigation of his vehicle, the officers noticed several bullet holes had penetrated the windshield and driver's window of Mr. Morel's vehicle. See Exhibit C-1 at 2.

The vehicle was towed to a police lot. Subsequently, on the same day, officers applied for a search warrant of the vehicle. The application was reviewed and approved by a magistrate judge who granted the police a warrant to "search for any ballistic evidence or *any other items of evidentiary value* [emphasis added]" Id., at ¶2. During the search of Mr. Morel's vehicle, officers recovered from inside the glove compartment a Taurus 9mm semi-automatic handgun with an "unreadable" model number but with serial number intact. See, Exhibit C-2.

Following the recovery of the firearm, Mr. Morel was charged with several violations of the Uniform Firearms Act.

## Procedural History

On April 14, 2022, a preliminary hearing was scheduled wherein Defendant waived his right to a hearing. On May 19, 2023, this Court held a motion to suppress hearing. Appellant presented into evidence the search warrant (Exhibit C-1) and the property receipt for the firearm (Exhibit C-2). *N.T. 5/19/23* at 5-6. No witnesses testified. Id., at 6. Upon conclusion of oral argument, this Court held that

the search warrant was unconstitutional due to the overly broad language and failure to specify with particularity the evidence subject to search, and accordingly the motion to suppress was granted. On June 14, 2023, Appellant timely filed its Notice of Appeal. On July 11, 2023, Appellant filed its 1925(b) Statement of Errors Complained of on Appeal with this Court, and raises the following issue:

1. Did the lower court err by suppressing a firearm found in the glove box of a shot-up car which defendant, who had himself been wounded, had driven to the hospital, where police obtained a warrant to search the car that was supported by probable cause and was not, contrary to the lower court's conclusion, overbroad?

Appellant's Pa.R.A.P. 1925(b) Statement of Matters.

## Discussion

I.    <u>The warrant executed upon the Defendant's vehicle was overly broad and lacked particularity and, therefore, resulted in an unconstitutional search of the subject vehicle.</u>

The Fourth Amendment of the United States Constitution guarantees to all certain unalienable protections from governmental intrusion absent a demonstration that agents of the state have first complied with specific procedures. The Warrant Clause of the Fourth Amendment requires such agents, prior to conducting a search of individuals or locations, to first be issued a warrant predicated, "upon probable cause, supported by Oath or affirmation, and

particularly describing the place to be searched, and the persons or things to be seized". See, U.S. Const. Amend. IV. Thus, to avoid a system of unfettered police intrusion wherein the issuing and search authorities be one and the same, the United States Supreme Court noted, "[t]he bulwark of Fourth Amendment protection, of course, is the Warrant Clause, requiring that, absent certain exceptions, police obtain a warrant from a neutral and disinterested magistrate before embarking upon a search." See, Franks v. Delaware, 98 S. Ct. 2674, 2681 (1978). For such a warrant to be issued upon the requisite set of facts, specified persons or objects, in appropriate context must be detailed to the magistrate in an objective fashion. As the *Franks* Court stated, "a warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter." *Id.* Such an affidavit application must be adequate to demonstrate to the magistrate, "a substantial basis for determining the existence of probable cause." See, Illinois v. Gates, 462 U.S. 213, 239 (1983) Thus, the Supreme Court has asserted the objectives of the Warrant Clause to be the prevention of warrants issued on "loose, vague, or doubtful bases of fact." See, Go-Bart-Importing Co. v. United States, 282 U.S. 344, 357 (1931)

Beyond the protections against unwarranted searches and seizures under the Fourth Amendment of the Federal Constitution, Pennsylvania's state constitution also provides protections for inhabitants against such conduct. Article I, Section 8 of the State's constitution echoes the language of the United States' "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." Pa. Const. Art. I, § 8. Additionally, the Pennsylvania Rules of Criminal Procure mandate that "[e]ach search warrant shall be signed by the issuing authority and shall…identify *specifically the property to be seized*;[emphasis added]…name or describe with particularity the person or place to be searched." Pa. R. Crim. P. 205 (A)(2-3) Due to the constitutional and procedural constraints on valid search warrants a reviewing court must determine whether such warrant "was supported by probable cause [and] is limited to the four corners of the affidavit." Commonwealth v. Ani, 293 A.3d 704, 709 (Pa. Super. 2023); See also Commonwealth. v. Coleman, 830 A.2d 554, 560 (Pa. 2003)

The contents as laid out within the four corners of the warrant must be based upon a "narrative" or "description" that details as "clearly as possible those items for which there is probable cause to search" Commonwealth. v. Rega, 933 A.2d

997, 1012 (Pa. 2007) (quoting Commonwealthy. v. Grossman, 555 A.2d 896, 900 (Pa. 1989)) With such a requirement the items and locations specified to be searched need not exactly match. However, the Pennsylvania Supreme Court has succinctly held, "[a]ny unreasonable discrepancy between the items for which there was probable cause [to search] and the description in the warrant *requires* [emphasis added] suppression." Commwealth. v. Grossman, 555 A.2d 896, 900 (Pa. 1989) Recently, the High Court reiterated such a plain understanding of the rule, stating that the substance of the warrant, "not the label" is demonstratives of whether an order from a court is constitutionally valid. Commonwealth v. Pacheco, 263 A.3d 626, 646 (Pa. 2021) The Supreme Court has further articulated the rationale behind such a requirement stating, "[i]n short, probable cause exists when, based upon a totality of the circumstances set forth in the affidavit of probable cause, there is a fair probability that evidence of a crime will be found in a particular place." Commonwealth. v. Korn, 139 A.3d 249, 254 (Pa. Super. 2016) However, the Superior Court best articulated the standard:

> a warrant unconstitutional for its lack of particularity authorizes a search in terms so ambiguous as to allow the executing officers to pick and choose among an individual's possessions to find which items to seize. This will result in the general 'rummaging' banned by the Fourth Amendment. On the other hand, [a] warrant unconstitutional for its overbreadth authorizes in clear or specific terms the seizure of an entire set of items, or documents, many of which will prove unrelated to the crime under investigation. An overbroad warrant is unconstitutional because it authorizes a general search and seizure.

Commonwealth v. Young, 287 A.3d 907, 920 (Pa. Super. 2022) (quoting Commonwealth. v. Orie, 88 A.3d 983, 1002-03 ("(cleaned up)") (Pa. Super. 2014)).

In the instant matter, the search warrant authorizes the officers to search for "any ballistic evidence or *any other items of evidentiary value* [emphasis added]. In other words, the warrant authorizes the officers to search for any and all items located within Mr. Morel's vehicle. There is absolutely no limitation to the officer's search. Because the search warrant permits the officers to rummage through any and all items contained within Mr. Morel's vehicles, this Court properly found the warrant to be unconstitutional. Although the Commonwealth argued that the search warrant could be found constitutional if the phrase granting unfettered authority to search Mr. Morel's vehicle was stricken, no evidence was presented at the motion hearing for this Court to conclude that the officers did in fact search only for "any ballistic evidence" inside Mr. Morel's vehicle. Therefore, even if this Court had authority to strike a portion of the search warrant's language, there is no evidence to support a finding that the officers did not search for "any other items of evidentiary value" when they opened the glove compartment and retrieved the Taurus semi-automatic handgun. To the contrary, the facts averred in the affidavit of probable cause support a finding that the officers were searching for any other items of evidentiary value. According to the affidavit, Mr. Morel's

vehicle had numerous bullet holes fired from the exterior inward. The rounds penetrated the windshield, the seats and Mr. Morel. There is no mention of any bits of ammunition scraping or puncturing the glove compartment. Thus, there is no factual basis to conclude that the glove compartment contained any ballistic evidence, and the officers were clearly conducting an unconstitutional general search of Mr. Morel's vehicle.

## Conclusion

For the reasons set forth above, this Court's Order granting Roberto Morel's Motion to Suppress should be affirmed.

Date: 7/24/23

HONORABLE DEBORAH CIANFRANI

## PROOF OF SERVICE

Copies of the attached opinion were served upon the below listed parties via

the First Judicial District Electronic Notification System.

Matthew Boyd, Esquire
Boyd Law, LLC
100 S. Broad Street, Ste 1910
Philadelphia, Pa 19110

Lawrence Goode, Esquire
Philadelphia District Attorney's Office
3 South Penn Square
Philadelphia, Pa 19107

BY THE COURT:

DEBORAH CIANFRANI, J.

Date: 7/24/23